<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4318**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

CHRISTINE MCLAMB,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   R. Bryan Harwell, District Judge. (4:08-cr-00173-RBH-1)

Submitted:  October 22, 2009        Decided:  November 16, 2009

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.   William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christine McLamb pled guilty, pursuant to a plea agreement, to embezzlement, in violation of 18 U.S.C. § 656 (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006). She was sentenced to a total of seventy-five months' imprisonment. In her appeal, she contends that the district court committed both procedural and substantive error when imposing her sentence. The Government has filed a motion to dismiss, invoking the appeal waiver contained in McLamb's plea agreement. Because McLamb's appeal is barred by her waiver, we grant the Government's motion to dismiss.

Whether a defendant effectively waived her right to appeal pursuant to a plea bargain is an issue of law that is reviewed de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. Id. An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). To decide whether a defendant's waiver results from a knowing and

2

intelligent decision, we examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  Generally, if the district court fully questions a defendant at her Fed. R. Crim. P. 11 proceeding regarding the waiver of her right to appeal, the waiver is both valid and enforceable.  See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

As McLamb's counsel concedes, McLamb's waiver of her right to appeal was knowingly and intelligently entered.  The district court conducted a thorough plea colloquy in accordance with Fed. R. Crim. P. 11, ensuring that McLamb understood she was pleading guilty, and the rights she would relinquish in doing so.  The judge verified that McLamb had finished the twelfth grade, as well as some business school, had never been treated for alcohol or drug abuse or mental illness, and had not taken any drugs, alcohol, or medication that would affect her ability to understand the proceedings.  The judge further confirmed that McLamb was satisfied with her attorney and was aware of the rights she would be giving up by pleading guilty, as well as the possible penalties she faced by pleading guilty. McLamb affirmed that she was pleading guilty freely and voluntarily and had not been forced to do so.  The Government

3

summarized the conditions of McLamb's plea agreement aloud, including that she had waived her right to appeal. The judge then reiterated that McLamb was waiving her right to appeal, and verified that she wished to do so freely and voluntarily after consulting with her lawyer. Accordingly, because McLamb knowingly and voluntarily entered the plea agreement, the appeal waiver is valid, and will bar any appeals that fall within its scope.

On appeal, McLamb asserts that her sentence was both procedurally and substantively unreasonable. However, as these alleged errors fall within the scope of her waiver of appeal, we find that review of these issues is barred by the waiver. Accordingly, we grant the Government's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

4